IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| SHENZHENSHIBAIRIHONGMAOYI-YOUXIANGONGSI, )<br>　　　　Plaintiff, )<br> )<br>v. )<br> )<br>NOVOLUTO GMBH, )<br>　　　　Defendant. )<br>　　　　　　　　　　　　　　　　)  | Civil Action No. 3:25CV844 (RCY) |

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's Motion for Electronic Service of Process and Memorandum in Support thereof as well as Plaintiff's Motion and Memorandum for Extension of Time. ECF Nos. 8, 9, 10. Plaintiff seeks to serve Defendant by electronically publishing a link to the Complaint and other relevant documents on a website controlled by Plaintiff's counsel and, thereafter, sending an e-mail to counsel known to have previously represented Defendant, including the link to the website and attaching PDF copies of the Complaint and issued summons. Pl.'s Mem. Supp. Mot. Elec. Service 1. In its Motion and Memorandum for Extension of Time, Plaintiff seeks an extension such that it may effectuate service of Defendant within thirty (30) days from the Court's ruling on its Motion for Electronic Service of Process. ECF No. 10. For the reasons set forth below, the Motion will be denied without prejudice.

**I. BACKGROUND**

Plaintiff believes Defendant "resides in Germany and has no place of business in the United States." Pl.'s Mem. Supp. Mot. Elec. Service 3. Plaintiff also points out that "Defendant has not designated a domestic representative" in a document filed with the United States Patent and Trademark Office. *Id*. at 5; 37 C.F.R. § 3.61.

Plaintiff represents to the Court that it became aware Defendant had been represented by Ms. Tammy Terry and Mr. Califf Cooper in a different lawsuit involving a separate patent. Pl.'s

Mem. Supp. Mot. Elec. Service 1.  Plaintiff's counsel emailed both Ms. Terry and Mr. Cooper, providing copies of the Complaint, summons, and requests for waiver of service documents; however, neither lawyer responded to this outreach.  *Id.*  Plaintiff also represents that, on information and belief, Defendant provided the email address of Ms. Terry to Amazon as contact information in connection with product interference that relates to this case.  *See id.* at 2.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure Rule 4(h) instructs that a foreign corporation can be served "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery… ."  Rule 4(f) authorizes service of process on individuals in a foreign country in any of three ways: "(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method reasonably calculated to give notice . . . or (3) by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f).

Ordinarily, the Hague Convention would govern service of process in this matter, since both the United States and Germany are signatories.[1]  However, the Hague Convention contains an explicit exemption where the address of the foreign party to be served is unknown: "This Convention shall not apply where the address of the person to be served with the document is not known."  20 U.S.T. 361 (U.S.T. 1969).  Because the Defendant's address is unknown to Plaintiff and the Court, the Hague Convention does not apply to this action.

As for the remaining two options, "Rule 4(f) does not denote any hierarchy or preference of one method of service over another."  *Enovative Techs., LLC v. Leor,* 622 Fed. Appx. 212, 214

---

[1] *HCCH Members*, HCCH, https://www.hcch.net/en/states/hcch-members (last visited Dec. 15, 2025).

(4th Cir. 1015) (citing *Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1015 (9th Cir. 2002)). In fact, courts applying Rule 4(f)(3) can order any means of service so long as those means provide reasonable assurance that the Defendant will be notified of the lawsuit and are not prohibited by international agreement. *WhosHere, Inc. v. Orun*, 2014 WL 670817, at *2 (E.D. Va. Feb. 20, 2014) (citations omitted). Ultimately, the decision whether to order alternative service of process is within the sound discretion of the court. *See id.* (citing *Henry Teichman v. Caspian Flat Glass OJSC,* 2013 WL 1644808, at *1 (W.D. Pa. April 16, 2023); *BP Prods. N. Am., Inc. v. Dagra*, 232 F.R.D. 263, 264 (E.D. Va. 2005)).

Because this is a lawsuit concerning patent validity and infringement, federal patent law provides additional authority. Title 35 U.S.C. § 293 instructs that, "if no person has been designated" by a nonresident patentee for service of process and notice of proceedings affecting a patent or rights thereunder, "summons shall be served by publication or otherwise as the court directs."

### III. ANALYSIS

At this time—and absent additional information describing Plaintiff's efforts to obtain direct contact information for Defendant—the Court is not prepared to find that Plaintiff's proposed method of service "is 'reasonably calculated under all the circumstances' to give notice to defendant." *Enovative Techs.*, 622 Fed. Appx. 214 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Although this Court has routinely authorized service of process by e-mail for foreign individuals and entities, it has done so particularly when "a plaintiff can demonstrate that the defendant will likely receive the email and thus notice of the suit." *DAG Ammo Corp. v. KM Trade d.o.o.*, 2021 WL 7933706, at *1 (E.D. Va. June 4, 2021).

In *DAG Ammo,* for example, the Court authorized service of process on the defendants by email when the parties had "ongoing business dealings [causing] them to maintain regular contact

3

through email." *Id.* Likewise, in *Gmbh v. Ilnitskiy*, the Court determined that the plaintiff's publication of a court order in both a regional and national newspaper plus electronic communication via eight email addresses previously used by the defendant was reasonably calculated to give notice to the defendant. 2018 WL 1882823, at *2 (E.D. Va. Jan. 25, 2018).

The Court is not satisfied that Plaintiff has made the necessary showing here when the proposed forum for publication is a website controlled by Plaintiff and the one offered email address is associated with a private practice attorney who may or may not continue to maintain a professional relationship with Defendant.

## IV. CONCLUSION

Plaintiff's Motion for Electronic Service of Process (ECF No. 8) will be denied without prejudice. To accommodate additional investigation and service attempts by Plaintiff, the Court will grant Plaintiff's Motion for Extension of Time (ECF No. 10). An appropriate Order shall issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: December 22, 2025
Richmond, Virginia