IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| SHENZHENSHIBAIRIHONGMAOYI-YOUXIANGONGSI,<br>   Plaintiff,<br> v.<br><br>NOVOLUTO GMBH,<br>   Defendant. | )<br>)<br>)<br>)  Civil Action No. 3:25CV844 (RCY)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant's Motion to Expedite Discovery. Therein, Defendant and Counterclaimant Novoluto GmbH ("Novoluto") seeks "limited, targeted expedited discovery necessary to prepare for the Court's consideration of [its] pending Motion for Preliminary Injunction[.]" Mot. 1. Specifically, Novoluto seeks leave to serve: one (1) Rule 30(b)(6) deposition of Plaintiff Shenzhenshibairihongmaoyiyouxiangongsi ("Shenzhenshi"); five (5) interrogatories; fourteen (14) requests for production; targeted third-party discovery as may be necessary focused on identity, sales, proceeds, inventory, and listing control; and lastly, an order requiring immediate preservation of relevant documents, ESI, and marketplace account data. *Id.*

Novoluto argues that it has made a "substantial showing on the merits" of its claim and that Shenzhenshi's use of "shifting storefront identities" on Amazon to sell products that infringe on Novoluto's patent constitutes the requisite "unusual circumstances" warranting expedited discovery. *Id.* at 5, 2. Shenzhenshi counters that Novoluto's requests "push[] [it] to provide broad discovery in a short amount of time." Resp. 4, ECF No. 41. Further, Shenzhenshi argues that Novoluto has not made a strong showing on the merits, nor has it demonstrated unusual circumstances that justify deviation from standard discovery procedures under the Federal Rules. *Id.* at 12–15.

The Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons described herein, Novoluto's Motion to Expedite Discovery will be granted in part and denied in part.

## I. RELEVANT BACKGROUND

This action concerns the validity and infringement of a United States patent for a stimulation device, No. 9,763,851 ("'851 patent"). The '851 patent is assigned to Novoluto, a German company. Compl. ¶¶ 7, 3, ECF No. 1; Compl. Ex. 1, ECF No. 1-3. Shenzhenshi, a Chinese company, sells adult novelty products in the United States through its Amazon store "linshaihongdianpu." Compl. ¶¶ 1, 14. Shenzhenshi sells one of its products, a suction device in the shape of a rose, under the Amazon Standard Identification Number (ASIN) B0BB1VX77W. Compl. ¶¶ 15–16.

Shenzhenshi initiated this suit on October 9, 2025, seeking a declaratory judgment of invalidity and non-infringement with respect to the '851 patent. Compl. ¶ 4. In Count I of its Complaint, Shenzhenshi seeks declaratory judgment of invalidity because all of the '851 patent's claims require "nozzle effect," but the written description "fails to provide sufficient explanation of what constitutes 'nozzle effect[.]'" Compl. ¶¶ 55–58. In Count II, Shenzhenshi seeks declaratory judgment of noninfringement because "[a]n invalid patent cannot be infringed . . . regardless of the structure of Plaintiff's Product . . . ." Compl. ¶¶ 61–62. Shenzhenshi details a variety of allegedly differentiating features of its product to support its assertion that it "is entitled to a determination that its product does not infringe any claim of the '851 patent." Compl. ¶¶ 63–69. Specifically, Shenzhenshi states that, unlike Novoluto's patented invention, its product "does not include a first chamber that changes volume," *id.* ¶ 63, has "rigid" internal components, *id.* ¶ 64, "does not have a structure that provides for media flow through a straight channel with nozzle

2

effect," *id*. ¶ 66, "does not include a clitoris," *id*. ¶ 67, and "has a variety of uses that do not include directing media flow to a clitoris," *id*. ¶ 68.

Novoluto concurrently filed its Answer, Affirmative Defenses, and Counterclaims and its Motion for Preliminary Injunction on January 30, 2026. Answer, ECF No. 18; Mot. Prelim. Inj., ECF No. 19. In its Answer, Novoluto highlights its difficulty responding to Shenzhenshi's allegations because "Plaintiff does not actually allege what product it sells," but rather refers to structurally identical products sold under a particular ASIN. Answer 2. Novoluto avers that Shenzhenshi "has directly and indirectly infringed one or more claims" of its '851 patent by making and selling a product referred to as the "Pandora Rose," and other substantially identical products. *Id.* at 12. Novoluto represents as part of its Counterclaims that "linshaihongdianpu" was not an active Amazon storefront as of January 30, 2026. *Id.* at 14. Novoluto further alleges that Shenzhenshi is affiliated with one or more sellers of similar products sold under the same ASIN. *Id.*

## II. STANDARD

District courts have "broad discretion to supervise discovery." *Russell v. Absolute Collection Servs., Inc.* 763 F.3d 385, 396 (4th Cir. 2014). While Federal Rule of Civil Procedure 26 generally prohibits discovery before the parties have conducted a Rule 26(f) discovery conference, a court can order expedited discovery. Fed. R. Civ. P. 26(d)(1). When considering a motion for expedited discovery in the context of a preliminary injunction, courts in the Fourth Circuit have applied a modified preliminary injunction test. *See ForceX Inc. v. Tech. Fusion, LLC,* 2011 WL 2560110, at *5 (E.D. Va. June 27, 2011); *Kia Motors Am., Inc. v. Greenbrier GMC, Inc.,* 2020 WL 8970813, at *2 (E.D. Va. Dec. 11, 2020). The modified preliminary injunction test looks to whether the Plaintiff has made a strong showing of success on the merits of the action as well as a showing that irreparable harm is likely in the absence of expedited discovery. *Kia Motors,*

2020 WL 8970813, at *2.  The test is premised on "the idea that granting court relief outside of the federal rules should be limited to unusual circumstances."  *ForceX*, 2011 WL 2560110, at *5.

### III. DISCUSSION

#### A. Expedited Discovery

Applying the modified preliminary injunction test to the case at bar, the Court finds that Novoluto satisfies the requisite standard.  First, despite the early stage of this litigation, Novoluto has made as a strong showing on the merits of its patent infringement counterclaim.  To establish a likelihood of success on the merits, Novoluto must show that (1) it will likely prove that Shenzhenshi infringed one or more claims of the patent-in-suit; and (2) at least one of the allegedly infringed claims will likely withstand validity challenges.  *AstraZeneca LP v. Apotex, Inc.*, 633 F.3d 1042, 1050 (Fed. Cir. 2010) (citation omitted).

The Court has inspected the '851 patent, Shenzhenshi's Complaint and attached exhibits, Novoluto's Answer and Counterclaim, and Shenzhenshi's Answer.  Novoluto's Answer and Counterclaim includes a claim chart comparing the claim language of the '851 patent with both the ASIN B0BB1VX77W Pandora Rose product as well as the computer-aided design image included in Shenzhenshi's Complaint.[1]  Novoluto Answer Ex. 1, ECF No. 18-1.  Based on this preliminary review of materials furnished by both parties, the Court finds it likely that Novoluto will establish that Shenzhenshi's product infringes on Novoluto's '851 patent.

With regard to validity, Novoluto's '851 patent is presumptively valid under § 282 of the Patent Act of 1952.  *Microsoft Corp. v. I4I Ltd. P'ship,* 564 U.S. 91, 100 (2011).  The Court understands that the '851 patent has withstood validity challenges brought to the United States Patent and Trademark Office Patent Trial and Appeal Board, the Federal Circuit, and the United

---

[1] Even if Shenzhenshi no longer sells the Pandora Rose product, *see* Resp. 5–6, it cannot disclaim reproduced images of its product drawn from its own Complaint.

States District Court for the District of Delaware.  Mot. Prelim. Inj. 22.  In light of this record of affirmed validity in multiple forums, the Court finds that the '851 claims will likely withstand validity challenges.

Novoluto has also established that it will likely suffer irreparable harm in the absence of preliminary expedited discovery because it faces loss of marketplace goodwill, price erosion, and dissipation of proceeds that it cannot effectively deter without uncovering basic information about who is selling exactly which potentially infringing products.  *See* Mot. 2 (describing how "accused listings go dark and reappear under new seller identities, with multiple sellers offering the same product under the same ASIN, thereby obscuring responsibility").  Unlike in *Kia Motors*, where this Court denied a request for expedited discovery in part because there was "no pending hearing for which discovery [was] urgently needed[,]" here the Court anticipates holding a hearing on the pending Motion for Preliminary Injunction as soon as is practicable.  Absent the requested relief, Novoluto will be forced to litigate high stakes issues at that hearing "in the dark."  Mot. 6.  Thus, the likelihood of irreparable harm also favors Novoluto's request for expedited discovery.

Ultimately, allowing Novoluto to conduct limited, expedited discovery proves justified due to the unique challenges it faces in attempting to mount a defense and counterclaim against a shape-shifting opponent.  *See* Mot. 2 ("[A]t least one storefront identified in the pleadings is no longer active."); Reply 6 (detailing Novoluto's recent purchase of Shenzhenshi's product—following Shenzhenshi's own instructions—and subsequent receipt of a product with a different structure than that depicted in Shenzhenshi's Complaint).  The Court agrees with Novoluto's assessment that Plaintiff's Complaint does not identify any specific product by name and is otherwise devoid of other identifying information, such as a picture of the product or its packaging or a link that pinpoints exactly what product Shenzhenshi seeks to continue selling on Amazon.  *See* Novoluto Answer ¶ 15.  Because it lacks a reliable understanding of Shenzhenshi's identity and therefore

cannot know the extent of the alleged infringing activities, Novoluto will unfairly struggle to particularize support for its requested preliminary injunction absent the Court's authorization of circumscribed early discovery.  In sum, given the unusual challenges Novoluto faces in making its case for preliminary relief, and the imbalance of information currently available to the parties, the Court is persuaded that limited, expedited discovery is appropriate.

Novoluto has not persuaded the Court, however, that discovery of product manufacturing, supply, assembly, or shipping information is essential for consideration of the pending Motion for Preliminary Injunction.  Additionally, the Court appreciates that requests for production on an expedited timeline—apart from the basic request for physical samples of the Accused Product(s)—may be particularly burdensome for Shenzhenshi and are thus better suited for a later stage of litigation.  Moreover, because Novoluto did not specify what other "ancillary entities" apart from Amazon may possess information it considers necessary, the Court's authorized discovery will limit third-party discovery to Amazon only.

### B. Preservation of Relevant Documents

Absent additional information regarding a particular risk of spoliation, the Court declines to order immediate preservation of relevant documents, electronically stored information, and marketplace account data.  The Court does, however, remind both parties that, "upon anticipation of litigation, parties 'must suspend [their] routine document retention/destruction polic[ies] and put in place a "litigation hold" to ensure the preservation of relevant documents.'" *E.I. du Pont de Nemours and Co. v. Koplon Industries, Inc.* 803 F. Supp. 2d 469, 498 (E.D. Va. 2011) (citing *Zubulake v. UBS Warburg LLC,* 220 F.R.D. 212, 217 (S.D.N.Y. 2003)).  The Court will not hesitate to impose sanctions if it were to find a party has, with a culpable state of mind, breached its duty to preserve relevant materials and documents.  *See id.* at 497.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion to Expedite Discovery will be granted in part and denied in part to authorize limited, expedited discovery by Novoluto. An appropriate Order shall issue.

/s/ *RCY*
Roderick C. Young
United States District Judge

Date: March 9, 2026
Richmond, Virginia