**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

SHENZHENSHIBAIRIHONGMAOYIYOUXIANGONGSI,

*Plaintiff,*

v.

NOVOLUTO GMBH

*Defendant.*

Case No: 3:25-cv-00844 (RCY)

**JURY TRIAL DEMANDED**

**JOINT DISCOVERY PLAN**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26(A) counsel of record for the parties submit this Joint Discovery Plan.

Pursuant to Fed. R. Civ. P. 26(f), the parties conferred on **June 23, 2026**, to formulate this Joint Discovery Plan. Unless specifically noted otherwise, the parties agree as follows:

**1. CONCLUSION OF DISCOVERY**

Counsel for the parties are continuing to confer regarding scheduling in this case and will submit a proposed scheduling order by June 24, 2026. *See* ECF No. 89. The proposed schedule is set forth in the Joint Proposed Scheduling Order and Discovery Plan filed herewith as Exhibit A. Because this is a patent infringement case, the parties will include within that proposed scheduling order relevant patent infringement case-specific deadlines, including deadlines for infringement contentions, invalidity contentions, and claim construction.

**2. INITIAL DISCLOSURES**

The parties will exchange initial disclosures under Rule 26(a)(1) by **July 8, 2026**, unless otherwise stipulated or ordered by the Court.

### 3. CLAIMS, DEFENSES, AND SETTLEMENT

The parties have conferred as to the nature and basis of their claims. The parties have not yet discussed the potential for settlement in this matter. A settlement conference with Magistrate Judge Speight was tentatively scheduled for August 21, 2026. However, on June 24, 2026, Judge Speight indicated this date would no longer work and proposed that the parties choose a date from the following: August 24-26, 28, or 31 or September 1, 2, 11, 17, 21-25, or 28-30. The parties are working with each other to find a mutually agreeable date for the settlement conference.

### 4. DISCOVERY SCHEDULE

The parties do not believe that the Local Civil Rules should be altered with respect to the timing of discovery. The proposed schedule is set forth in the Joint Proposed Scheduling Order and Discovery Plan filed herewith as Exhibit A.

### 5. SERVICE OF PAPERS AND PLEADINGS

All pleadings, motions and other papers that are filed with the Court will be distributed to the parties via the Court's electronic notification system, as provided by the Federal Rules of Civil Procedure and the Local Rules, which shall constitute sufficient service. In addition, the parties have agreed to email service for all discovery requests, written responses, and any other papers that are not filed with the Court. If transmission of voluminous materials as an e-mail attachment is impractical, then those materials shall be served by regular mail, courier service, ShareFile or similar link that is emailed to the non-serving party, or other means as agreed by the parties.

### 6. DISCOVERY OF ELECTRONICALLY STORED INFORMATION

Counsel agrees to discuss entry of a stipulated order governing the discovery of electronically stored information ("ESI"). The parties will work together to propose an ESI Order.

**Bairihong's Position**

Bairihong notes that it is located in the People's Republic of China. As such, ESI, including

email, text messages, and other forms of electronic communications (including, for example, WeChat messages), is not within Bairihong's control. This is because this data is subject to China's Data Security Law to the extent it is located on computers or devices within the People's Republic of China. This requires permission from the Ministry of Justice before it is produced in response to a request from Novoluto and/or the Court. Article 36 of the Data Security Law states: "Domestic organizations and individuals must not provide data stored within the mainland territory of the PRC to the justice or law enforcement institutions of foreign countries *without the approval of the competent authorities of the PRC*." https://digichina.stanford.edu/work/translation-data-security-law-of-the-peoples-republic-of-china/ (emphasis added). Article 48 further states:

> Where the provisions of Article 36 of this Law are violated through the provision of data to foreign justice or law enforcement institutions without the approval of managing authorities, relevant departments in charge are to order corrections, may impose a fine of between [$15,000 and $150,000], and may impose a fine of between [$1,500 and $15,000] on directly responsible management personnel and other directly responsible personnel; where serious consequences result, a fine of between [$150,000 and $750,000] is to be imposed, and a suspension of relevant operations, a suspension of business for rectification, or the revocation of relevant business permits or licenses may be ordered, and directly responsible management personnel and other directly responsible personnel are to be fined between [$7,500 and $75,000].

*Id.* (alterations for currency using $0.15 per Chinese Yuan as the exchange rate).

Bairihong notes this here at the outset as this will be an issue going forward in this case. Bairihong's counsel will work with Novoluto to help facilitate the appropriate approvals under China's Data Security Law. In addition, to the extent this information can be obtained from other sources, Bairihong will work with Novoluto to facilitate the production of that information without needing to resort to seeking approval from the Ministry of Justice.

**Novoluto's Position**

Novoluto disagrees with Bairihong's characterization of China's Data Security Law

("DSL") and its purported impact on discovery in this case. As a threshold matter, Bairihong chose to market the Accused Products in the United States and avail itself of U.S. commerce; having done so, it is subject to the Federal Rules of Civil Procedure like any other litigant. *See Nidec Motor Corp. v. Broad Ocean Motor, LLC*, 2024 WL 4332057, at *6 (E.D. Mo. Sept. 27, 2024) ("No one forced Defendants to market products in the United States. They chose to, knowing that they could be haled into American courts, where they would be subject to the applicable rules."). Moreover, Bairihong initiated this lawsuit and cannot, having invoked the power of this Court, hide from its basic discovery obligations under the Federal Rules of Civil Procedure. Foreign blocking statutes—including the DSL—do not automatically excuse a party from its Rule 26 obligations, and courts have repeatedly rejected attempts by Chinese litigants to invoke the DSL as a basis to withhold discoverable information. *See Philips Med. Sys. (Cleveland), Inc. v. Buan*, 2022 WL 602485, at *6 (N.D. Ill. Mar. 1, 2022) (rejecting DSL-based objection and observing that the DSL's review-and-approval regime "do[es] not appear to apply to the American civil discovery process," as the contrary view "would in essence permit the Chinese judiciary to oversee discovery decisions made by American courts"); *Nidec*, 2024 WL 4332057, at *6 ("Chinese litigants often attempt to avoid discovery in American courts by arguing that various PRC laws block compliance, and courts frequently reject that argument and enforce compliance with the Federal Rules of Civil Procedure regarding discovery."). Novoluto further notes that the party invoking foreign law bears the burden of making a particularized showing—not a blanket assertion—that specific, identified information is in fact prohibited from production. *See Philips*, 2022 WL 602485, at *3. To the extent Bairihong intends to withhold or delay production of any ESI on the basis of the DSL, Bairihong must: (a) identify with particularity the information being withheld; (b) explain why the DSL applies to that specific information; (c) describe the concrete

steps it has taken to obtain any required approval from the competent PRC authorities, including timing; and (d) if no such steps have been taken, explain why not. Novoluto reserves all rights, including the right to seek relief under Federal Rule of Civil Procedure 37 and Local Civil Rule 37, in the event Bairihong relies on the DSL to withhold or delay production of discoverable ESI.

## 7. PRIVILEGED OR PROTECTED MATERIALS

The parties agree that to the extent any party intends to assert a claim of privilege or protection as trial preparation material, any such claim must be made in a timely manner and in accordance with Fed. R. Civ. P. 26(b)(5). The parties agree that they do not need to log communications or attorney case files from the earlier of: (i) the date counsel was retained in this lawsuit; or (ii) the date the lawsuit was filed. The parties agree that inadvertent production of privileged materials shall not constitute a waiver of privileges or protections so long as the producing party notifies the receiving party promptly upon discovery of any inadvertent production. Disputes concerning privileges and protections shall be addressed in accordance with Fed. R. Civ. P. 26(b)(5)(B).

## 8. PROTECTIVE ORDERS

Counsel agrees to discuss entry of a stipulated Protective Order.

## 9. EXPERT DISCOVERY

The parties agree that expert discovery is necessary. Counsel for the parties are continuing to confer regarding scheduling in this case and will submit a proposed Scheduling Order. The proposed Scheduling Order will include deadlines for expert disclosures and expert discovery.

## 10. SUBJECTS OF DISCOVERY

The parties agree that discovery relevant to the claims and defenses contained in the pleadings will be appropriate, subject to all objections permitted by the applicable rules. The parties agree that any documents received in response to a subpoena to a third party will be

provided to the other parties within three (3) business days.

**11. DEPOSITIONS**

Counsel agrees to discuss how depositions will proceed, including locations of in-person depositions. The parties will work together to agree on stipulations governing depositions consistent with the Federal Rules of Civil Procedure and the Local Rules.

**12. TRIAL BY MAGISTRATE**

The parties do not consent to trial by Magistrate.

**13. DISCLOSURES, EXHIBIT LISTS, WITNESS LISTS, AND STIPULATIONS**

The parties agree that the Rule 26(a)(3) disclosures, a list of exhibits to be used at trial, a list of the witnesses to be called at trial and a written stipulation of uncontested facts will be filed electronically with the Court before the Final Pretrial Conference, according to dates as will be set by the Court. Counsel for the parties are continuing to confer regarding scheduling in this case and will submit a proposed Scheduling Order. The proposed Scheduling Order will include deadlines for all pre-trial disclosures, exchanges, and filings, including objections.

The original exhibits shall be delivered to the clerk as provided by Local Civil Rule 79(A).

**14. PRESERVATION OF DISCOVERABLE INFORMATION**

The parties have addressed the matter of preservation of discoverable information. Counsel for the parties represent that they have made their respective clients aware of their obligations regarding preservation of discoverable information.

Dated: June 24, 2026

Respectfully submitted,

/s/ Aaron D. Neal
Aaron D. Neal – Bar No. 79692
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, Maryland 20770
Tel. 301-441-2420
Fax 301-982-9450
aneal@mhlawyers.com
Matthew De Preter (*pro hac vice*)
Constantine Koutsoubas (*pro hac vice*)
ARONBERG GOLDGEHN DAVIS & GARMISA
225 W. Washington St. Suite 2800
Chicago, IL 60606
312-828-9600
cdepreter@agdglaw.com

***Attorneys for Plaintiff/Counterclaim-Defendant Shenzhenshibairihong-Maoyiyouxiangongsi***

/s/ Heather Lambert
Heather Lambert (SB No. 79175)
NELSON MULLINS RILEY & SCARBOROUGH LLP
1021 East Cary Street, Suite 2120
Richmond, VA 23219
Telephone: (804) 533-2900
heather.lambert@nelsonmullins.com

Tammy J. Terry (*pro hac vice*)
tammy.terry@nelsonmullins.com
Lisa E. Margonis (*pro hac vice*)
lisa.margonis@nelsonmullins.com
Erik Janitens (*pro hac vice*)
erik.janitens@nelsonmullins.com
Chance G. Siller (*pro hac vice*)
chance.siller@nelsonmullins.com
1111 Bagby Street, Suite 2100
Houston, TX 77002
Telephone: (346) 646-5389

***Attorneys for Defendant and Counterclaim-Plaintiff Novoluto GmbH***

**CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court and served via ECF on all counsel of record registered to receive service via the Court's CM/ECF system.

*/s/ Heather Lambert*
Heather Lambert