**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

SHENZHENSHIBAIRIHONGMAOYIYOUXIANGONGSI,

*Plaintiff,*

v.

NOVOLUTO GMBH

*Defendant.*

Case No: 3:25-cv-00844 (RCY)

**JURY TRIAL DEMANDED**

**JOINT PROPOSED SCHEDULING ORDER AND DISCOVERY PLAN**

Pursuant to Federal Rules of Civil Procedure 16 and 26(f), Local Civil Rules 16 and 26, and this Court's June 10, 2026 Order (ECF No. 89) directing the parties to jointly submit a proposed schedule on or before June 24, 2026, Plaintiff / Counterclaim-Defendant Shenzhenshibairihongmaoyiyouxiangongsi ("Plaintiff" or "Bairihong") and Defendant / Counterclaim-Plaintiff Novoluto GmbH ("Defendant" or "Novoluto") conferred and hereby stipulate and agree as follows.

## A. DISCOVERY SCHEDULE

1. **Initial Disclosures**. The parties shall serve their Rule 26(a)(1) initial disclosures by **July 8, 2026**.

2. **Prior Expedited Discovery**. The expedited discovery taken pursuant to the Court's March 9, 2026, Order (ECF No. 45) shall be deemed part of the merits record and shall count against the per-side numerical limits set forth below with Novoluto to continue its numbering from Interrogatory No. 5 and Request for Production No. 2 to avoid confusion. In addition, the 30(b)(6) deposition that took

place on April 2–3, 2026 is part of the record. Novoluto will be allowed a second 30(b)(6) deposition, but will not seek testimony on topics covered in the April 2–3, 2026 deposition, other than where the deponent was unable to or did not sufficiently answer regarding certain topics.

3. **Joinder of Parties and Amendment of Pleadings**. All motions to join other parties or to amend or supplement the pleadings shall be filed on or before **September 4, 2026.**

4. **Discovery Format**. The parties agree to produce all documents electronically in either their native format or in a format to be agreed upon by the parties. The parties further recognize that certain files should be produced in native formats, including database files, spreadsheets (such as Excel files), and any other files (such as system, program, and sound files) which may not be amenable to conversion into the agreed upon electronic format without rendering a material part of those files or the information they contain, as a practical matter, unusable or unreviewable.

5. **Discovery Limitations**. Consistent with and in addition to the discovery limitations set forth in the Federal Rules of Civil Procedure, the parties further agree as follows:

**a. Depositions.**

**(1)** Depositions shall be limited to a total of ten (10) non-expert deposition notices per side of party witnesses and non-party witnesses, with any 30(b)(6) depositions of a Party counted as a single deposition of that party. The number of depositions may be extended only by agreement of the parties or with leave of the Court,

and only upon a showing of good cause.

**(2)** Any notice for a deposition pursuant to Rules 30(b)(6) or 45 shall be served no later than **thirty (30) days before the close of fact discovery**, and the parties agree to complete depositions of party witnesses and non-party witnesses by the fact discovery deadline.

**(3)** The parties further agree to identify the corporate representative being offered to testify as a witness pursuant to Rule 30(b)(6) and the topics on which the witness is being offered to testify at least five (5) business days in advance of the deposition date.

**(4)** No deposition shall exceed seven (7) hours without agreement of the Parties or leave of the Court, except that for depositions that require the use of interpreters, the maximum deposition time in a single day shall be no more than ten (10) hours. No deposition of a single witness that does not require translation shall exceed seven (7) hours (based on official time on the record and not including breaks and off-record time) in a single day without agreement of the parties or leave of the Court. No deposition of a witness that requires a translator shall exceed fourteen (14) hours (based on official time on the record and not including breaks and off-record time) without agreement of the parties or leave of court. Moreover, given that there has already been a 30(b)(6) deposition of Bairihong in connection with expedited discovery, which is part of the record of this case, a second 30(b)(6) deposition shall not exceed five (5)

hours without translation or ten (10) hours with translation.

**(5)** The parties agree to cooperate to schedule depositions at a time and place convenient for both counsel and witnesses. The Parties agree that witnesses residing in the mainland of China, who do not have a U.S. Visa, shall travel to Hong Kong for purposes of their deposition, and that counsel may conduct their depositions by video conference.

**(6)** The parties agree that all depositions will be taken under United States law and pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules, regardless of the actual location, including any depositions taken by videoconference.

**b.** **Expert Discovery.** The parties agree to be bound by Federal Rule of Civil Procedure 26(b)(4) as to discovery of expert materials.

**c.** **Interrogatories.** Each side may not serve on the other side more than twenty-five (25) interrogatories, including parts and subparts, without leave of the Court. Subparts of a basic interrogatory which are logical extensions of the basic interrogatory and seek only to obtain specified additional particularized information with respect to the basic interrogatory shall not be counted separately from the basic interrogatory.

**d.** **Requests for Admission.** Each side may not serve more than seventy-five (75) requests for admission on the other side, including parts and subparts, not including requests for admission necessary for the sole purpose of document authentication.

e. **Other Discovery Limitations.** Unless limited herein or by the Court's order, the parties shall otherwise abide by the discovery limitations set forth in the Federal Rules of Civil Procedure. A party may seek extensions of those limitations for good cause.

6. **Clawback Provision**. The parties agree that the inadvertent production or disclosure of privileged or otherwise protected materials shall not be deemed per se a waiver or impairment of any claim of privilege or protection. The parties agree to follow the procedure set forth in Federal Rule of Civil Procedure 26(b)(5)(B) as it relates to the inadvertent production or disclosure of privileged or otherwise protected materials.

7. **Electronic Discovery**.

a. The parties shall file a stipulated Electronically Stored Information ("ESI") Order on or before **<u>July 8, 2026</u>**.

b. No party may withhold the production of documents or written discovery responses based solely on the fact that the ESI Order has not yet been entered; provided however, production requests under Federal Rules of Civil Procedure 26 and 34, shall not include email or other forms of electronic correspondence (collectively "email").

c. To obtain email, parties must propound specific email production requests as set forth in the forthcoming ESI Order.

8. **Protective Order**.

a. The parties shall file a stipulated Protective Order on or before **<u>July 8, 2026</u>**.

b. The parties agree that until this Court enters a Protective Order, all

documents and written discovery responses produced pursuant to this Joint Discovery Plan and designated as confidential shall be restricted to the parties' outside counsel of record.

**c.** No party may withhold the production of documents or written discovery responses based solely on the fact that the Protective Order has not yet been entered.

**9. Initial Infringement Contentions**.

**a.** By **September 11, 2026**, Novoluto shall serve its Initial Infringement Contentions and a document production that identify, as specifically as possible, the following information:

**(1)** An identification of all asserted claims of U.S. Patent No. 9,763,851 (the "'851 Patent"), including the applicable statutory subsections of 35 U.S.C. § 271 asserted for each claim;

**(2)** Identifying information for each accused instrumentality of which Novoluto is aware;

**(3)** Claim charts identifying on a claim-by-claim and limitation-by-limitation basis, how Novoluto contends each accused instrumentality meets the requirements of the asserted claims;

**(4)** If Novoluto wishes to preserve the right to rely, for any purpose, on the assertion that an apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, Novoluto must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other

instrumentality that incorporates or reflects that particular claim;

**(5)** If indirect infringement is alleged, an identification of any direct infringement and an identification of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement;

**(6)** Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the accused instrumentality;

**(7)** The priority date to which each asserted claim of the ’851 Patent is entitled;

**(8)** Production of all documents evidencing any prior publication or disclosure on which the patent holder intends to rely to avoid prior art less than one year before the earliest effective priority date claimed;

**(9)** Production of documents sufficient to show the design, development, inventorship, ownership, and asserted priority support for each asserted claim of the ’851 Patent;

**(10)** Production of the complete file history for the ’851 Patent and any earlier patent or application to which (or through which) a priority claim is made.

**(11)** Production of all agreements to assign, license, or otherwise convey rights to or under the ’851 Patent;

**(12)** Production of documents sufficient to show marking of its own products, the products of affiliates of Novoluto that are sold with

Novoluto's implicit or express permission, Lovehoney Group products, WOW Tech Group products, and the products of any licensees that Novoluto alleges practice any asserted claim; and

**(13)** If Novoluto alleges willful infringement, the basis for such allegation, including production of documents supporting such allegations.

**b.** Novoluto shall serve Final Infringement Contentions, which may amend the Initial Infringement Contentions as of right, within **fourteen (14) days after the Claim Construction Order**, provided however that Novoluto may not add asserted claims that were not identified in its Initial Infringement Contentions without leave of Court;

**c.** Simultaneously with its Final Infringement Contentions, Novoluto shall serve an election of no more than five (5) asserted claims that it intends to assert at trial so long as those five (5) asserted claims were included in Novoluto's Initial Infringement Contentions. Should Novoluto discover new acts of infringement after this election of asserted claims, Novoluto may increase the number of asserted claims to address those new acts of infringement;

**d.** Amendments to the Final Infringement Contentions may only be made by order of the Court upon a timely showing of good cause, said good cause to include recent discovery of nonpublic information about the accused instrumentality which was not discovered, despite diligent efforts, before the service of the Final Infringement Contentions.

**10. Initial Invalidity Contentions**.

**a.** By **November 6, 2026**, Bairihong shall serve its Initial Invalidity Contentions, which must identify as specifically as possible the following information:

**(1)** Each item of prior art that Bairihong contends anticipates each specified claim. Each prior art patent shall be identified by its number, country of origin, and date of issuance. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior use under 35 U.S.C. § 102, or on sale activity under 35 U.S.C. § 102, shall be identified by specifying the item offered for sale or publicly used or known; the date the offer or use took place or the information became known; the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known; and the evidence Bairihong will rely upon, including the names of any expected witnesses and a summary of their anticipated testimony.

**(2)** On a claim-by-claim basis, whether each item of prior art allegedly anticipates each asserted claim and/or renders it obvious. If a combination of items of prior art allegedly makes a claim obvious, each such combination of prior art that Bairihong contends renders each specified claim obvious **[NOVOLUTO:** and the motivation to combine such items.] [**BAIRIHONG:. [None]]**

**(3)** A chart identifying specifically in each alleged item of prior art where each limitation of each asserted claim is allegedly found, including for each limitation that Bairihong contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that corresponds to the structure identified in the patent specification that performs the claimed function.

**(4)** Any grounds of invalidity for any of the asserted claims based on indefiniteness, or lack of enablement, or written description, under 35 U.S.C. § 112.

**(5)** A copy of each item of prior art identified by Bairihong that does not appear in the file history of the ’851 Patent (together with any English translations of the documents).

**(6)** Bairihong shall serve Final Invalidity Contentions, which may amend the Initial Invalidity Contentions as of right, **within fourteen (14) day**s after receiving Novoluto’s Final Infringement Contentions.

**b.** Amendments to the Final Invalidity Contentions may only be made by order of the Court upon a timely showing of good cause, said good cause to include recent discovery of prior art despite earlier diligent search.

**c.** Simultaneously with its Final Invalidity Contentions, Bairihong shall serve an election of asserted invalidity arguments that it intends to assert at trial. Bairihong shall limit the asserted invalidity arguments to no more than five

(5) invalidity arguments based on prior art under 35 U.S.C. §§ 102, 103.

**11. Claim Construction**.

a. **Exchange of Claim Terms.** The parties shall exchange claim terms for construction on **November 13, 2026**.

b. **Exchange of Proposed Constructions.** The parties shall exchange proposed constructions, including an identification of any intrinsic and extrinsic evidence the party will use to support a proposed construction, by **November 20, 2026**.

c. **Claim Construction Meet and Confer Requirement.** The parties shall meet and confer regarding proposed claim constructions to determine if any agreements can be reached by no later than **November 25, 2026**.

d. **Opening Claim Construction Briefs.** The parties shall file opening claim construction briefs, not to exceed 25 pages, on **December 18, 2026**.

e. **Response Claim Construction Briefs.** The parties shall file responsive claim construction briefs, not to exceed 25 pages, on **January 12, 2027**.

f. **Joint Claim Construction Chart.** The parties shall file a joint claim construction chart on **January 15, 2027**.

g. **Claim Construction Hearing & Technology Tutorial.** A claim construction (*Markman*) hearing including a Technology Tutorial shall be held on ______________________, as set by the Court, and the Court will issue the Claim Construction Order thereafter.

**12. Fact Discovery Deadline**. All fact discovery shall be completed by the later of (i) **May 5, 2027**, or (ii) **sixty (60) days after the Claim Construction Order**.

**13. Expert Reports.**

**a.** All expert reports for matters on which a party bears the burden of proof shall be served on or before **sixty (60) days after the close of Fact Discovery**.

**b.** All expert reports for matters on which a party does not bear the burden of proof shall be served on or before **forty-five (45) days after service of opening expert reports**.

**c.** Any reply expert reports shall be served no later than **twenty-one (21) days after service of responsive expert reports**.

**14. Expert Discovery Deadline.** All expert discovery shall be completed by **thirty (30) days after service of reply expert reports**.

**15. Dispositive and *Daubert* Motions.**

**a.** The parties shall exchange opening briefs for all dispositive and *Daubert* motions **thirty (30) days after the close of expert discovery**.

**b.** The parties shall exchange responsive briefs for all dispositive and *Daubert* motions **twenty-one (21) days after service of opening briefs**.

**c.** The parties shall exchange reply briefs for all dispositive and *Daubert* motions **fourteen (14) days after service of responsive briefs**.

**16. Final Pretrial Conference.** The Final Pretrial Conference shall be conducted **two weeks before trial**, or on such other date as the Court may set.

**17. Rule 26(a)(3) Pretrial Disclosures.** All Rule 26(a)(3) Pretrial Disclosures shall be filed and served **no later than sixty (60) days before the Final Pretrial Conference**.

18. **Objections to Pretrial Disclosures.** All Objections to Rule 26(a)(3) Pretrial Disclosures, including trial exhibits, shall be filed and served no later than **forty-five (45) days before the Final Pretrial Conference**.

19. **Motions *in Limine*.** All motions *in limine* shall be filed and served no later than **thirty (30) days before the Final Pretrial Conference**; responses to motions *in limine* shall be filed and served **no later than fourteen (14) days after such motions**, and replies shall be filed and served **no later than seven (7) days after any responses**.

20. **Final Pretrial Order.** The parties shall jointly file the Final Pretrial Order, including preliminary proposed voir dire questions, jury instructions, and verdict forms, **three (3) business days before the Final Pretrial Conference**.

For the Court's convenience, the parties summarize the above-described deadlines below in chronological order:

| Deadline / Event | Date |
|---|---|
| Initial Disclosures | July 8, 2026 |
| Stipulated ESI Order | July 8, 2026 |
| Stipulated Protective Order | July 8, 2026 |
| Settlement Conference | August 21, 2026, tentatively |
| Joinder of Parties and Amendment of Pleadings | September 4, 2026 |
| Initial Infringement Contentions | September 11, 2026 |
| Initial Invalidity Contentions | November 6, 2026 |
| Exchange of Claim Terms | November 13, 2026 |

| Deadline / Event | Date |
|---|---|
| Exchange of Proposed Claim Constructions | November 20, 2026 |
| Claim Construction Meet and Confer | November 25, 2026 |
| Opening Claim Construction Briefs | December 18, 2026 |
| Responsive Claim Construction Briefs | January 12, 2027 |
| Joint Claim Construction Chart | January 15, 2027 |
| Claim Construction / *Markman* Hearing and Technology Tutorial | To be set by the Court |
| Final Infringement Contentions | 14 days after Claim Construction Order |
| Final Invalidity Contentions | 14 days after Final Infringement Contentions |
| Fact Discovery Deadline | Later of May 5, 2027, or 60 days after Claim Construction Order |
| Opening Expert Reports | 60 days after close of Fact Discovery |
| Responsive Expert Reports | 45 days after Opening Expert Reports |
| Reply Expert Reports | 21 days after Responsive Expert Reports |
| Expert Discovery Deadline | 30 days after Reply Expert Reports |
| Opening Dispositive Motion/*Daubert* Briefs | 30 days after Close of Expert Discovery |
| Responsive Dispositive Motion/*Daubert* Briefs | 21 days after Opening Dispositive Motion/*Daubert* Briefs |
| Reply Dispositive Motion/*Daubert* Briefs | 14 days after Responsive Dispositive Motion/*Daubert* Briefs |
| Rule 26(a)(3) Pretrial Disclosures | 60 days before Final Pretrial Conference |
| Objections to Rule 26(a)(3) Pretrial Disclosures | 45 days before Final Pretrial Conference |
| Motions *in Limine* | 30 days before Final Pretrial Conference |

| Deadline / Event | Date |
|---|---|
| Responses to Motions *in Limine* | 14 days after motions *in limine* |
| Replies in Support of Motions *in Limine* | 7 days after responses |
| Final Pretrial Order | 3 business days before Final Pretrial Conference |
| Final Pretrial Conference | 2 weeks before trial, or as set by the Court |
| Trial | To be set by the Court; approximately 4 trial days |

**B. SETTLEMENT CONFERENCE**

The Court has referred this matter to United States Magistrate Judge Summer L. Speight for a settlement conference (ECF No. 89). The settlement conference is tentatively scheduled for **August 21, 2026**.

**C. OTHER MATTERS**

1. **Estimated Trial Time**. The parties expect the trial of this matter to last approximately four (4) trial days.

2. **Magistrate**. The parties do not agree to proceed to trial before a Magistrate Judge.

3. **Jury Trial**. A jury trial has been demanded by Novoluto in its Counterclaims (ECF No. 18).

4. **Electronic Service**. The parties further agree that, for all service required in this lawsuit, service by electronic means shall be deemed equivalent to hand delivery. The parties further agree that, if service is made by means other than electronic mail, a courtesy copy will be sent concurrently via electronic mail.

Dated: June 24, 2026

Respectfully submitted,

**ARONBERG GOLDGHEN DAVIS & GARMISA**

/s/ Aaron D. Neal
Aaron D. Neal – Bar No. 79692
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, Maryland 20770
Tel. 301-441-2420
Fax 301-982-9450
aneal@mhlawyers.com
Matthew De Preter (*pro hac vice*)
Constantine Koutsoubas (*pro hac vice*)
225 W. Washington St. Suite 2800
Chicago, IL 60606
312-828-9600
cdepreter@agdglaw.com
dkoutsoubas@agdglaw.com

***Attorneys for Plaintiff/Counterclaim-Defendant***

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

*s/ Heather Lambert*
Heather Lambert (SB No. 79175)
NELSON MULLINS RILEY & SCARBOROUGH LLP
1021 East Cary Street, Suite 2120
Richmond, VA 23219
Telephone: (804) 533-2900
heather.lambert@nelsonmullins.com

Tammy J. Terry (*pro hac vice*)
tammy.terry@nelsonmullins.com
Lisa E. Margonis (*pro hac vice*)
lisa.margonis@nelsonmullins.com
Erik Janitens (*pro hac vice*)
erik.janitens@nelsonmullins.com
Chance G. Siller (*pro hac vice*)
chance.siller@nelsonmullins.com
1111 Bagby Street, Suite 2100
Houston, TX 77002
Telephone: (346) 646-5389

***Attorneys for Defendant/Counterclaim-Plaintiff***

**CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court and served via ECF on all counsel of record registered to receive service via the Court's CM/ECF system.

/s/ *Heather Lambert*
Heather Lambert