IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| SHENZHENSHIBAIRIHONGMAOYI-YOUXIANGONGSI, Plaintiff, v. NOVOLUTO GMBH, Defendant. | Civil Action No. 3:25CV844 (RCY) |

**MEMORANDUM ORDER**

This matter is before the Court on Defendant Novoluto GmbH's ("Novoluto") Motion for Leave to File Amended Answer, Affirmative Defenses, and Counterclaims ("Motion for Leave," ECF No. 102). Defendant Novoluto seeks the Court's permission to file its proposed First Amended Answer, Affirmative Defenses, and Counterclaims, which would join four additional Counterclaim Defendants. Plaintiff Shenzhenshibairihongmaoyiyouxiangongsi ("Bairihong") opposes this motion. For the reasons stated below, the Court GRANTS Defendant Novoluto's Motion for Leave (ECF No. 102).

**A. Federal Rules of Civil Procedure 15(a)(2) and 20(a)(2)**

Rule 15(a)(2) permits a party to amend a pleading (if not otherwise permitted to amend by course, pursuant to Rule 15(a)(1)) by consent of the opposing party or leave of court. Furthermore, the rule states that "court[s] should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given.").

Rule 20(a)(2) permits joinder of counterclaim defendants "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2); *see also* Fed. R. Civ. P. 13(h) (noting that "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim"). In patent actions, joinder of accused infringers is permitted only if

> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299. The same code section further states that "accused infringers may not be joined in one action as defendants or counterclaim defendants . . . based solely on allegations that they each have infringed the patent or patents in suit." *Id*.

**B. Defendant Novoluto's Motion for Leave**

Defendant argues that its Motion for Leave was timely filed within the fifteen-day window established in this Court's July 16, 2026, Scheduling Order, that joinder is proper based on Rule 20 and 35 U.S.C. § 299, and that its amendment should be permitted pursuant to Rule 15. Mot. Leave 9–10, ECF No. 102. Defendant seeks to bring counterclaims against the following entities: (1) Dongguan Aixiya, the manufacturer of the accused products; (2) Aixiasia Ltd., another manufacturer of the accused products; (3) Big Shocked, the brand under which the accused products are sold, labeled, supported, and marketed; and (4) Shenzhen Envision Technology Innovation Co., Ltd., the registered owner of Big Shocked. *Id*. at 11–12. In its response, Plaintiff argues that granting Defendant's Motion for Leave would be "grossly prejudicial" to Plaintiff and

that there are potential jurisdictional issues over the proposed counterclaim defendants. Resp. Opp'n 2–4, ECF No. 104.

Plaintiff does not argue that Defendant's Motion for Leave is futile or made in bad faith. Rather, Plaintiff focuses its Response in Opposition on the fact that there would be lengthy delays based on serving the proposed counterclaim defendants. *Id.* The Court agrees with Defendant's point that a hypothetical delay does not establish prejudice sufficient to justify the Court denying a motion for leave under Rule 15. *See Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("Delay alone however, without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice as reason for denial."). Despite Plaintiff's otherwise unsubstantiated contention that Defendant has engaged in an "intentional delay," Defendant represents that it has moved to amend its answer and add the four proposed counterclaim defendants based on information it learned in the April 2, 2026 deposition that was conducted pursuant to the Court-approved expedited discovery.[1] Resp. Opp'n 5; Mot. Leave 3.

Finally, there is nothing indicating that, on its face, Defendant's proposed amended pleading is futile. Plaintiff argues there may be issues with service or jurisdiction but acknowledges, correctly, that it lacks standing to challenge those issues and that any service or jurisdictional issues are premature until the counterclaim defendants are served. Resp. Opp'n 4–5. The Court will not discuss hypothetical service or jurisdictional issues but will address any such issues when and if they are properly before the Court.

[1] Furthermore, the Court notes that Defendant Novoluto discussed its intention to seek joinder of these entities at the June 10, 2026, hearing. Given the fact that the Court granted limited expedited discovery on March 9, 2026, the relevant deposition occurred on April 2, 2026, Defendant conducted its own investigation into these entities, Defendant voiced its desire to seek joinder at the June 10, 2026 hearing, and did so on July 31, 2026 in accordance with the Court's Scheduling Order, it can hardly be said that Defendant somehow engaged in an "intentional delay." *See* ECF Nos. 45, 88, 101.

Accordingly, pursuant to Rule 15's liberal amendment policy and based on the lack of prejudice, bad faith, or futility, the Court GRANTS Defendant Novoluto's Motion for Leave (ECF No. 102).

The Clerk is DIRECTED to docket Exhibit A (ECF No. 102-12), Defendant Novoluto's First Amended Answer, Affirmative Defenses, and Counterclaims, as a new docket entry. Defendant is DIRECTED to provide the Clerk with the required information for the summonses within ten (10) days of the entry of this Order.

Let the Clerk file this Order electronically, notifying counsel of record accordingly.

It is so ORDERED.

/s/ RCY
Roderick C. Young
United States District Judge

Date: October 22, 2026
Richmond, Virginia