**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| SHENZHENSHIBAIRIHONGMAOYIYOUXIANGONGSI,<br><br>Plaintiff,<br><br>v.<br><br>NOVOLUTO GMBH<br><br>Defendant. | Case No: 3:25-cv-00844 (RCY)<br><br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant, Novoluto GmbH ("Novoluto") responds to the Complaint ("Complaint") filed by Plaintiff, Shenzhenshibairihongmaoyiyouxiangongsi ("Bairihong" or "Plaintiff") as they are numbered in the Complaint as follows.

## I. THE PARTIES

1. Novoluto has insufficient information with which to admit or deny the allegations contained in Paragraph 1 and therefore denies the allegations contained in this paragraph.

2. Novoluto has insufficient information with which to admit or deny the allegations contained in Paragraph 2 and therefore denies the allegations contained in this paragraph.

3. Novoluto admits that Novoluto GmbH is a company organized and existing under the laws of Germany. Novoluto denies the remaining allegations of Paragraph 3.

## II. JURISDICTION AND VENUE

4. Novoluto admits the allegations in Paragraph 4.

5. Novoluto admits the allegations in Paragraph 5.

6. Novoluto admits the allegations in Paragraph 6.

7. Novoluto admits the allegations in Paragraph 7.

8. Novoluto admits the allegations in Paragraph 8.

9. Novoluto admits the allegations in Paragraph 9.

10. Novoluto admits the allegations in Paragraph 10.

11. Novoluto admits the allegations in Paragraph 11.

12. Novoluto denies the allegations in Paragraph 12 insofar as to the Richmond division specifically, as Novoluto believes Alexandria is the proper division.

## III. FACTS PERTAINING TO ALL CLAIMS

13. Novoluto has insufficient information with which to admit or deny the allegations contained in Paragraph 13 and therefore denies the allegations contained in this paragraph.

14. Novoluto has insufficient information with which to admit or deny the allegations contained in Paragraph 14 with respect to Plaintiff (as Plaintiff has identified itself in the Complaint) being in the business of selling adult novelties and therefore denies the allegations in this paragraph as they relate to Plaintiff, specifically. Novoluto admits the allegations in Paragraph 14 insofar as they relate to an Amazon store or manufacturer having the name "linshaihongdianpu" selling adult novelties and to the extent "linshaihongdianpu" is affiliated with Bairihong, if at all.

15. Novoluto has insufficient information with which to admit or deny the allegations contained in Paragraph 15 because it is unclear what Plaintiff means by "the present suit pertains to structurally identical products sold by Plaintiff under the Amazon ASIN: BOBB1VX77W ("the Product")," particularly since Plaintiff does not actually allege what product it sells, instead referring to "structurally identical products sold…under the Amazon ASIN…," Plaintiff does not identify any specific product by name, Plaintiff provides no other identifying information sufficient to affirmatively identify the products it sells (such as product names, pictures of actual products, or product packaging), nor does Plaintiff provide any link to any product to which the

suit allegedly pertains. Novoluto therefore denies the allegations contained in this paragraph.

16. Novoluto has insufficient information with which to admit or deny the allegations contained in Paragraph 16, and therefore denies the allegations contained in this paragraph. Novoluto further denies because this image looks like other similar infringing product Novoluto has seen on the market, all of which modulate positive and negative pressures and are, therefore, not suction only devices.

17. Novoluto has insufficient information with which to admit or deny the allegations contained in Paragraph 17, and therefore denies the allegations contained in this paragraph.

18. Novoluto has insufficient information with which to admit or deny the allegations contained in Paragraph 18, particularly since Plaintiff has not adequately identified what "the Product" alleged by Plaintiff is and particularly because there is nothing about the image shown in this Paragraph or submitted in support of the allegations tied to that image that authenticates or even plausibly shows a likelihood that it is actually a depiction of any product that has ever been sold anywhere by Plaintiff; Novoluto therefore denies the allegations contained in this paragraph.

19. Paragraph 19 is blank. Novoluto has insufficient information with which to admit or deny the allegations contained in Paragraph 19, and therefore denies the allegations contained in this paragraph.

20. Novoluto has insufficient information with which to admit or deny the allegations contained in Paragraph 20, and therefore denies the allegations contained in this paragraph.

21. Novoluto has insufficient information with which to admit or deny the allegations contained in Paragraph 21, and therefore denies the allegations contained in this paragraph.

22. Novoluto has insufficient information with which to admit or deny the allegations contained in Paragraph 22, and therefore denies the allegations contained in this paragraph.

23. Novoluto has insufficient information with which to admit or deny the allegations contained in Paragraph 23, and therefore denies the allegations contained in this paragraph on that basis. Novoluto further denies the allegations contained in Paragraph 23 because Novoluto has not initiated an Amazon APEX process against Plaintiff.

24. Novoluto has insufficient information with which to admit or deny the allegations contained in Paragraph 24, and therefore denies the allegations contained in this paragraph. Novoluto further denies the allegations in this Paragraph to the extent Plaintiff's undefined/unidentified "Products" infringe one or more claims of one or more Novoluto patents and, therefore, would not be entitled to be sold in the U.S., thus rendering alleged "damage" irrelevant.

25. Novoluto has insufficient information with which to admit or deny the allegations contained in Paragraph 25, and therefore denies the allegations contained in this paragraph. Novoluto further denies the allegations in this Paragraph to the extent Plaintiff's undefined/unidentified "Product" infringes one or more claims of one or more Novoluto patents and, therefore, would not be entitled to be sold in the U.S., thus rendering alleged "lower profile" issues irrelevant.

26. Novoluto admits the allegations in Paragraph 26.

27. Paragraph 27 contains legal conclusions to which no response is required, but to the extent a response is deemed required, Defendant denies the allegations, particularly to the extent they mischaracterize and/or incorrectly interpret excerpts out of context and to the extent they call for a legal conclusion.

28. Novoluto admits that Exhibit 1 includes excerpts and figures that identify "first chamber," "second chamber," and "connection element," but otherwise denies the allegations in

Paragraph 28, particularly to the extent they mischaracterize and/or incorrectly interpret excerpts out of context and to the extent they call for a legal conclusion.

29. Paragraph 29 contains legal conclusions to which no response is required, but to the extent a response is deemed required, Defendant denies the allegations, particularly to the extent they mischaracterize and/or incorrectly interpret excerpts out of context and to the extent they call for a legal conclusion.

30. Novoluto admits that Exhibit 1 includes an excerpt that states "any drive types causing a deflection in wall 31 of the first chamber 3 for volume modification can basically be used in stimulation device 1," but otherwise denies the allegations in Paragraph 30, particularly to the extent they mischaracterize and/or incorrectly interpret excerpts out of context and to the extent they call for legal conclusions.

31. Paragraph 31 contains legal conclusions to which no response is required, but to the extent a response is deemed required, Defendant denies the allegations, particularly to the extent they mischaracterize and/or incorrectly interpret excerpts out of context and to the extent they call for a legal conclusion.

32. Paragraph 32 contains legal conclusions to which no response is required, but to the extent a response is deemed required, Defendant denies the allegations.

33. Novoluto admits the allegations in Paragraph 33.

34. Paragraph 34 contains legal conclusions to which no response is required, but to the extent a response is deemed required, Defendant denies the allegations, particularly to the extent they mischaracterize and/or incorrectly interpret excerpts out of context and to the extent they call for a legal conclusion.

35. Novoluto admits the allegations in Paragraph 35.

36. Paragraph 36 contains legal conclusions to which no response is required, but to the extent a response is deemed required, Defendant denies the allegations, particularly to the extent they mischaracterize and/or incorrectly interpret excerpts out of context and to the extent they call for a legal conclusion.

37. Novoluto admits the allegations in Paragraph 37.

38. Novoluto admits the allegations of Paragraph 38.

39. Novoluto denies the allegations of Paragraph 39.

40. Novoluto admits the allegations of Paragraph 40.

41. Novoluto admits the allegations in Paragraph 41.

42. Paragraph 42 contains legal conclusions to which no response is required, but to the extent a response is deemed required, Defendant denies the allegations, particularly to the extent they mischaracterize and/or incorrectly interpret excerpts out of context and to the extent they call for a legal conclusion.

43. Paragraph 43 contains legal conclusions to which no response is required, but to the extent a response is deemed required, Defendant denies the allegations, particularly to the extent they mischaracterize and/or incorrectly interpret excerpts out of context and to the extent they call for a legal conclusion.

44. Paragraph 44 contains legal conclusions to which no response is required, but to the extent a response is deemed required, Defendant denies the allegations, particularly to the extent they mischaracterize and/or incorrectly interpret excerpts out of context and to the extent they call for a legal conclusion.

45. Paragraph 45 contains legal conclusions to which no response is required, but to the extent a response is deemed required, Defendant denies the allegations, particularly to the

extent they mischaracterize and/or incorrectly interpret excerpts out of context and to the extent they call for a legal conclusion.

46. Paragraph 46 contains legal conclusions to which no response is required, but to the extent a response is deemed required, Defendant denies the allegations, particularly to the extent they mischaracterize and/or incorrectly interpret excerpts out of context and to the extent they call for a legal conclusion.

47. Novoluto admits the allegations in Paragraph 47.

48. Paragraph 48 contains legal conclusions to which no response is required, but to the extent a response is deemed required, Defendant denies the allegations, particularly to the extent they mischaracterize and/or incorrectly interpret excerpts out of context and to the extent they call for a legal conclusion.

49. Paragraph 49 contains legal conclusions to which no response is required, but to the extent a response is deemed required, Defendant denies the allegations, particularly to the extent they mischaracterize and/or incorrectly interpret excerpts out of context and to the extent they call for a legal conclusion.

50. Paragraph 50 contains legal conclusions to which no response is required, but to the extent a response is deemed required, Defendant denies the allegations, particularly to the extent they mischaracterize and/or incorrectly interpret excerpts out of context and to the extent they call for a legal conclusion.

51. Paragraph 51 contains legal conclusions to which no response is required, but to the extent a response is deemed required, Defendant denies the allegations, particularly to the extent they mischaracterize and/or incorrectly interpret excerpts out of context and to the extent they call for a legal conclusion.

52. Paragraph 52 contains legal conclusions to which no response is required, but to the extent a response is deemed required, Defendant denies the allegations, particularly to the extent they mischaracterize and/or incorrectly interpret excerpts out of context and to the extent they call for a legal conclusion.

**COUNT I**
**DECLARATORY JUDGMENT OF INVALIDITY**
**U.S. Patent No. 9,763,851**

53. Novoluto realleges and incorporates all of its answers to the foregoing paragraphs as its answer to Paragraph 53.

54. Paragraph 54 contains legal conclusions to which no response is required, but to the extent a response is deemed required, Defendant denies the allegations.

55. Novoluto admits the allegations contained in Paragraph 55.

56. Paragraph 56 contains legal conclusions to which no response is required, but to the extent a response is deemed required, Defendant denies the allegations, particularly to the extent they mischaracterize and/or incorrectly interpret excerpts out of context and to the extent they call for a legal conclusion.

57. Novoluto denies the allegations in Paragraph 57.

58. Novoluto denies the allegations in Paragraph 58.

**COUNT II**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT**
**U.S. Patent No. 9,763,851**

59. Novoluto realleges and incorporates all of its answers to the foregoing paragraphs as its answer to Paragraph 59.

60. Novoluto denies the allegations in Paragraph 60.

61. Paragraph 61 contains legal conclusions to which no response is required, but to

the extent a response is deemed required, Defendant denies the allegations.

62. Novoluto denies the allegations in Paragraph 62, including those that call for a legal conclusion to which no response is required.

63. Novoluto has insufficient information with which to admit or deny the allegations contained in Paragraph 63 because Plaintiff has failed to specifically identify "Plaintiff's product," and Novoluto therefore denies the allegations contained in this paragraph on that basis with respect to the undefined and unidentified "Plaintiff's product." Novoluto further denies the allegations in this paragraph to the extent Plaintiff's allegations are referring to the alleged CAD image shown in Paragraph 64 of the Complaint, because that image shows a device with a first chamber that changes volume.

64. Novoluto has insufficient information with which to admit or deny the allegations contained in Paragraph 64 because Plaintiff has failed to specifically identify "Plaintiff's product," and the image provided is merely a computer-aided design (CAD) drawing without any connection to an actual product. Novoluto therefore denies the allegations contained in this paragraph on that basis with respect to the undefined and unidentified "Plaintiff's product." Novoluto further denies the allegations in this paragraph because the CAD image does show a device with a first chamber that changes volume, contrary to Plaintiff's allegations.

65. Paragraph 65 is blank. Novoluto has insufficient information with which to admit or deny the allegations contained in Paragraph 65, and therefore denies the allegations contained in this paragraph.

66. Novoluto has insufficient information with which to admit or deny the allegations contained in Paragraph 66 because Plaintiff has failed to specifically identify "Plaintiff's Product." Novoluto therefore denies the allegations contained in this paragraph on that basis. Novoluto

further denies the allegations in this paragraph to the extent Plaintiff's allegations are referring to the alleged CAD image shown in Paragraph 64 of the Complaint, because that image shows a structure that provides for media flow through a straight channel with nozzle effect.

67. Novoluto has insufficient information with which to admit or deny the allegations contained in Paragraph 67 to the extent Plaintiff has failed to specifically identify "Plaintiff's Product," and Novoluto therefore denies the allegations in this paragraph on that basis. To the extent Plaintiff's allegations are referring to the alleged CAD image shown in Paragraph 64 of the Complaint, Novoluto admits that that image does not show a clitoris. To the extent Plaintiff's allegations in this paragraph suggest that a *device* must have a clitoris in order to infringe one or more claims of the '851 Patent, Novoluto denies.

68. Novoluto has insufficient information with which to admit or deny the allegations contained in Paragraph 68 because Plaintiff has failed to specifically identify "Plaintiff's product." Novoluto therefore denies the allegations contained in this paragraph on that basis. Novoluto further denies that having a "variety of uses" would absolve a product from infringing one or more claims of the '851 Patent.

69. Novoluto has insufficient information with which to admit or deny the allegations contained in Paragraph 69 to the extent that Plaintiff has failed to specifically identify "its Product," and Novoluto therefore denies the allegations contained in this paragraph on that basis. Novoluto further denies the allegations in this paragraph to the extent Plaintiff's allegations are referring to the alleged CAD image shown in Paragraph 64 of the Complaint, because to the extent that image shows a device that infringes one or more claims of the '851 Patent, Plaintiff would not be entitled to a determination that such a device does not infringe any claim of the '851 Patent.

70. Novoluto denies the allegations in Paragraph 70.

71. Novoluto denies the allegations in Paragraph 71. Novoluto further answers that Plaintiff has failed to specifically identify or define "Plaintiff Parties."

**AFFIRMATIVE DEFENSES**

Novoluto asserts and alleges the following defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein:

1. Plaintiff has waived the right, if any, to pursue its claims by reason of its own actions and course of conduct, including but not limited to estoppel and/or the doctrine of unclean hands.

2. Plaintiff has infringed and continues to infringe Novoluto's patents as described further in Novoluto's Counterclaims set forth below.

3. The '851 Patent is not invalid.

4. Plaintiff's causes of action, and each of them, are barred to the extent Plaintiff is seeking double recovery for the same alleged wrongs.

5. Novoluto is currently without sufficient knowledge or information upon which to form a belief as to whether additional defenses are available. Therefore, Novoluto reserves the right to amend this Answer to assert any such additional defenses or counterclaims based on legal theories that may become apparent through discovery or through further legal analysis of Plaintiff's positions, claims, and allegations in this litigation.

WHEREFORE, Novoluto denies that Plaintiff is entitled to any of the relief requested in its prayer for relief.

**COUNTERCLAIMS**

1. Counterclaim-Plaintiff Novoluto GmbH ("Novoluto") hereby incorporates by

reference all of the answers and affirmative defenses to the Complaint set forth above.

2. Novoluto owns U.S. Patent No. 9,763,851, titled "Stimulation Device" ("the '851 Patent") and has the right to enforce this patent against infringers.

3. Counterclaim-Defendants Shenzhenshibairihongmaoyiyouxiangongsi ("Bairihong"), Dongguan Aixiya Electronic Technology Co., Ltd. ("Dongguan Aixiya"), Aixiasia Ltd. (a/k/a Shenzhen Aixiya Electronic Technology Co., Ltd.) ("Aixiasia"), Big Shocked ("Big Shocked"), and Shenzhen Envision Technology Innovation Co., Ltd. ("Envision") (collectively, "Counterclaim-Defendants") have directly and indirectly infringed one or more claims of the '851 Patent by making, using, selling, offering to sell, and/or importing into the United States stimulation devices including the "Pandora Rose;" the products Bairihong internally calls the "Roselove," including "Version A," "Version X," and "Version X-New;" products sold under Amazon ASINs B0BB1VX77W, B0D14TZZ3R, B0BLNN4QFL, and B0BLNNVPBT; products sold under the Big Shocked brand that embody the same design; and all products structurally identical or substantially similar thereto (collectively, the "Accused Products").

**THE PARTIES**

4. Novoluto is a company organized and existing under the laws of Germany, with a principal place of business at Hermann-Blankenstein-Straße 5 in 10249 Berlin, Germany.

5. Bairihong is a Chinese company that sells products in the U.S., particularly on Amazon.com through its Amazon store "linshaihongdianpu." Bairihong's address, as pleaded in its Complaint, is 1970kejiyuan4dong207A2, Minzhijiedaominzhishequ, Longhuaqu, Shenzhenshi, Guangdongsheng, China, 518110—*i.e.*, Building 4, 1970 Science and Technology Park, Minzhi Community, Longhua District, Shenzhen.

6. Dongguan Aixiya Electronic Technology Co., Ltd. (东莞市艾希亚电子科技有限

公司) is a limited liability company organized and existing under the laws of the People's Republic of China, incorporated on April 28, 2022. Its registered address is Room 701, Building 2, No. 117 Tianheng Road, Changping Town, Dongguan City, Guangdong Province, China. Its legal representative, executive director, and manager is Zeng Longbiao (曾泷彪), who is also its 68% shareholder and ultimate beneficial owner. On information and belief, Dongguan Aixiya's attorney is Yong Chen (ychen@ambizlaw.com) of Liu, Chen & Hoffman LLP, 14 Penn Plaza, Suite 2020, New York, NY 10122.

7. Aixiasia Ltd., also known as Shenzhen Aixiya Electronic Technology Co., Ltd. (深圳市艾希亚电子科技有限公司), is a limited liability company organized and existing under the laws of the People's Republic of China, incorporated on April 3, 2014. Its registered address is Room 321, Dongshuiyuan Residential Complex, Bao'an Avenue, Yabian Community, Shajing Subdistrict, Bao'an District, Shenzhen City, Guangdong Province, China. Its legal representative, executive director, and general manager is Zeng Longbiao (曾泷彪), who is its 80% shareholder and ultimate beneficial owner. On information and belief, employee Demon Tang's email address who is on FCC filings, is demon@aixiasia.com. On information and belief, Aixiasia has previously designated a U.S. Agent for service of process, South Bay Innovation LLC (Contact Name: Yueting Zhu), 23545 CRENSHAW BLVD STE 106 Torrance, CA 90505, Telephone No: 424-376-9142, Email: southbayinnovation@southbayinnovation.com. On information and belief, Aixiasia's attorney is Yong Chen (ychen@ambizlaw.com) of Liu, Chen & Hoffman LLP, 14 Penn Plaza, Suite 2020, New York, NY 10122.

8. Big Shocked is, on information and belief, an entity or trade name through which

the Accused Products are branded, marketed, supported, and sold into the United States. Its website, www.big-shocked.com, lists a United States address at 1942 Broadway St., STE 314C, Boulder, Colorado 80302, and contact email service@bigshocked.com. The precise corporate form of Big Shocked is presently unknown to Novoluto notwithstanding reasonable investigation. Novoluto names Big Shocked in the form in which it holds itself out to United States consumers and will seek leave to substitute or add the correct legal entity promptly upon ascertaining it in discovery. On information and belief, Big Shocked's attorney is Yong Chen (ychen@ambizlaw.com) of Liu, Chen & Hoffman LLP, 14 Penn Plaza, Suite 2020, New York, NY 10122

9. Shenzhen Envision Technology Innovation Co., Ltd. (深圳易威行科技创新有限公司) is a limited liability company organized and existing under the laws of the People's Republic of China, incorporated on May 19, 2021. Its registered address is Room 301, Building 4, 1970 Science and Technology Park, Minzhi Community, Minzhi Subdistrict, Longhua District, Shenzhen City, Guangdong Province, China. On information and belief, Envision may be served at the U.S. registered agent address, 1942 Broadway St., STE 314C, Boulder, Colorado 80302, service@bigshocked.com. On information and belief, Envision's attorney is Yong Chen (ychen@ambizlaw.com) of Liu, Chen & Hoffman LLP, 14 Penn Plaza, Suite 2020, New York, NY 10122.

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338 as these counterclaims constitute a civil action for patent infringement arising under the United States patent statutes, 35 U.S.C. § 1 et seq.

11. Bairihong has consented to the personal jurisdiction of this Court at least by commencing its action for declaratory judgment in this District, as set forth in its Complaint.

12. By virtue of filing this action, Bairihong has also consented that venue is permissible in this District pursuant to at least 28 U.S.C. §§ 1391(c) and 1400.

13. This Court has personal jurisdiction over Dongguan Aixiya, Aixiasia, and Envision under Fed. R. Civ. P. 4(k)(1), Virginia's long-arm statute, Va. Code § 8.01-328.1(A)(1), (3), and (4), and under the stream-of-commerce doctrine, because each has purposefully directed activities at the United States and this District by manufacturing, branding, supplying, and causing the importation and sale of the Accused Products to consumers in Virginia and this District through Amazon.com, a nationwide sales channel accessible to and used by Virginia residents. Each is registered with the General Administration of Customs of the People's Republic of China as a "Consignee and Shipper of I/E Goods" (Dongguan Aixiya, Filing Code 4419963DSC, filed October 8, 2024, Changping Customs; Aixiasia, Filing Code 4403161SUN, filed October 22, 2018, Fuzhong Customs; Envision, Filing Code 4403961LSF, filed July 5, 2021, Fuzhong Customs), each valid through December 31, 2099.

14. In the alternative, this Court has personal jurisdiction over Dongguan Aixiya, Aixiasia, and Envision under Fed. R. Civ. P. 4(k)(2), because each is not subject to jurisdiction in any state's courts of general jurisdiction, and the exercise of jurisdiction over each is consistent with the United States Constitution and laws.

15. This Court has personal jurisdiction over Big Shocked because Big Shocked maintains a United States place of business, provides a U.S. toll-free customer support line (+1 (888) 868-2241), and directs its sales and support operations at United States consumers through its website www.big-shocked.com, listing a Boulder, Colorado address.

16. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) and (c)(3), under which a defendant that is not resident in the United States may be sued in any judicial district, and under 28 U.S.C. § 1400(b).

## BACKGROUND

### 1. The ’851 Patent and Novoluto’s Commercial Embodiments

17. The ’851 Patent describes the first sexual stimulation devices to use modulated positive and negative pressures with respect to a reference pressure to enhance sexual arousal.

18. The ’851 Patent is generally directed to a handheld sexual stimulation device with various components and features, including an opening through which modulated positive and negative pressures can be applied to the clitoris.

19. The commercial embodiments of the ’851 Patent are branded under the name “Womanizer®”. The commercial embodiments of the ’851 Patent include, among others, the “Classic,” “Premium,” “Starlet,” “Pro,” “InsideOut,” and “Duo” products. The authorized embodiments of the ’851 Patent hereinafter are collectively identified as “Commercial Embodiments.” The Commercial Embodiments have been described as “an entirely new type of sex toy,” “totally unique,” and “nothing short of perfection.”

20. After Novoluto filed the application that led to the ’851 Patent and launched the first commercial embodiments, the industry saw an influx of devices attempting to capitalize on the innovative technology disclosed in the ’851 Patent, including the Accused Products.

21. The ’851 Patent has withstood validity challenges before the Patent Trial and Appeal Board, the United States Court of Appeals for the Federal Circuit, and a jury in the District of Delaware.

### 2. The Accused Products

22. The Accused Products are rose-shaped, handheld stimulation devices that apply

modulated positive and negative pressure through an opening to the clitoris. At least seven iterations of the Accused Products were identified in a four-month period, each with changing names and ASINs but materially identical structure as to at least claim 1 of the ’851 Patent.

23. On June 11, 2026, this Court granted Novoluto’s motion for a preliminary injunction (Dkt. No. 90), enjoining Bairihong from selling, marketing, distributing, importing, or offering for sale products infringing the ’851 Patent, “including rose sex toy products, the Pandora Rose,” products sold under ASINs B0BB1VX77W, B0D14TZZ3R, B0BLNN4QFL, and B0BLNNVPBT, the CAD product in the Complaint, “Version A,” “Version X,” and “Version X-New” of the “Roselove,” and any redesigned or modified versions incorporating the claimed elements. The Court found Novoluto likely to succeed on the merits, irreparable harm, and that the balance of equities and public interest favor Novoluto.

24. As explained in more detail below and in the attached claim charts (Ex. 1); Declaration of Kimberly Cameron, Ph.D. and claim charts attached thereto (Ex. 2); and Supplemental Declaration of Kimberly Cameron, Ph.D. and Rebuttal Expert Declaration attached thereto (Ex. 3) included with these counterclaims, the Accused Products infringe the Asserted Patent.

**3. Bairihong Is a Reseller of the Accused Products**

25. On information and belief, Bairihong alleges that it does not manufacture the Accused Products. Bairihong is a reseller that purchases finished goods from third-party manufacturers and resells them to United States consumers through Amazon.com.

26. On information and belief, Bairihong alleges that it does not participate in the design, structure, or engineering of the Accused Products, and its role is limited to the marketing and sale of finished goods supplied by others.

27. On information and belief, Bairihong currently obtains the Accused Products from

one or more manufacturers.

28. On information and belief, Bairihong alleges that the packaging, labeling, and user manuals distributed with the Accused Products are produced and affixed by the manufacturer of the Accused Products rather than by Bairihong.

29. On information and belief, Bairihong alleges that the JOYHUB mobile application that operates the Accused Products was developed and integrated by the manufacturer of the Accused Products rather than by Bairihong.

**4. Dongguan Aixiya Manufactures and Supplies the Accused Products**

30. On information and belief, based on the public-record evidence identified herein Dongguan Aixiya manufactures the Accused Products and supplies them, directly or through affiliated entities, for resale to consumers in the United States, including by Bairihong.

31. Dongguan Aixiya's registered address is Room 701, Building 2, No. 117 Tianheng Road, Changping Town, Dongguan City, Guangdong Province, China. *See* Ex. 4 (Dongguan Aixiya Corporate Registry Report).

32. Dongguan Aixiya's registered business scope expressly includes "manufacturing of adult sex toys (excluding drugs and medical devices); sales of adult sex toys . . .; import and export of goods; import and export of technology." *Id*.

33. Dongguan Aixiya owns PRC trademark registrations for "AIXIASIA" in Class 10 (Reg. No. 22286184, filed December 16, 2016, published January 28, 2018) and "艾希亚 AIXIASIA" in Class 10 (Reg. No. 20163190, filed June 1, 2016, published July 21, 2017). *Id*.

34. Dongguan Aixiya holds patents on stimulation and massage devices, including a utility model for a "Motor-linked amplitude swing structure and health care tools using the structure" (CN202520103921.4), a pending invention application for a "Fan-shaped reciprocating

blowing and sucking device and massage device" (CN202411943848.8), a pending invention application for a "Massage device" (CN202511796584.2), a utility model for a "Massage device" (CN202322046348.1), and design patents for a "Beauty Massage Apparatus" and related products. *Id*.

35. Dongguan Aixiya holds a customs filing as a "Consignee and Shipper of I/E Goods," Filing Code 4419963DSC, filed October 8, 2024 at Changping Customs, valid through December 31, 2099. *Id*.

**5. Aixiasia Ltd. is a Commonly Controlled Manufacturing and Export Affiliate**

36. On information and belief, Dongguan Aixiya and Aixiasia operate as a single, commonly controlled manufacturing and export enterprise.

37. Zeng Longbiao is the legal representative and controlling shareholder of both entities (68% of Dongguan Aixiya; 80% of Aixiasia). Zeng Yanfang holds 20% of each and serves as an officer of each. Both entities list the identical telephone number (13627429612) in their PRC registration records. *See* Ex. 4; Ex. 5 (Aixiasia Corporate Registry Report).

38. Aixiasia's licensed business activities include "the manufacture of adult products, massagers, plastic products, silicone products, and electronic products," and its general business scope includes "domestic trade and the import and export of goods and technologies." Ex. 5.

39. Aixiasia holds a customs consignee/shipper filing (Filing Code 4403161SUN, filed October 22, 2018 at Fuzhong Customs, valid through December 31, 2099). *Id*.

40. Aixiasia operates export-facing storefronts on AliExpress under the names "aixiasia Official Store" (opened December 11, 2018, category Beauty/Health) and "Pelepas Store" (opened June 21, 2012). *Id*.

41. Aixiasia holds an extensive portfolio of PRC design patents and utility models for massagers, including a utility model for a "Waterproof rehabilitation training device"

(CN202222907684.6). *Id*.

42. Aixiasia's registered address is Room 321, Dongshuiyuan Residential Complex, Bao'an Avenue, Yabian Community, Shajing Subdistrict, Bao'an District, Shenzhen City, Guangdong Province, China. *Id*.

43. Aixiasia markets itself publicly as a manufacturer at aixiasia.en.made-in-china.com, and United States import records reflect shipments by Aixiasia Ltd. of adult novelty products into the United States. *See* Exs. 6, 7.

### 6. Big Shocked Is the Brand Under Which the Accused Products Are Sold Into the United States

44. On information and belief, Big Shocked is a brand under which the Accused Products are marketed, supported, and sold to consumers in the United States, including through Amazon.com.

45. On information and belief, the BIG SHOCKED-branded Accused Products are supplied to resellers, including Bairihong, by the same manufacturers that supply the other versions of the Accused Products identified herein.

46. On information and belief, the BIG SHOCKED-branded Accused Products and the Accused Products sold under Amazon ASIN B0BB1VX77W originate from a common manufacturing source, as reflected by their common user manual, common customer support contacts, and common mobile application.

47. On information and belief, one or more Amazon listings for the Accused Products identify Big Shocked in the manufacturer field.

48. The user manual and packaging distributed with the Accused Products identify "support-US@bigshocked.com" as the official support email address and "+1 (888) 868-2241" as the official support hotline.

49. The Big Shocked website (www.big-shocked.com) is branded "BIG SHOCKED | Mythical Fantasy Sex Toys & Custom Pleasure," claims founding in 2013 and over 5,000 products, and lists "AUTHORIZED OFFICIAL PARTNERS" including Tracy's Dog, YourDoll, HiSmith, Kiiroo, Lovense, and Pure Romance. *See* Ex. 8 (Big Shocked website). The website lists 1942 Broadway St., STE 314C, Boulder, Colorado 80302 as Big Shocked's address. *Id*.

**7. Shenzhen Envision is the Owner of Big Shocked**

50. On information and belief, Envision is the parent company, owner, licensor, and/or supplier of the Big Shocked brand and the manufacturer or co-manufacturer of the Accused Products, controlling product design, branding, FCC certification, and U.S. distribution strategy.

51. Envision is the registered owner of trademark "BIG SHOCKED," Application/Registration No. 73418610, filed August 11, 2023, published February 21, 2024. Ex. 9 (Envision Corporate Registry Report).

52. Envision holds a patent for a "Negative pressure driving device" (CN202520939964.6, filed May 13, 2025), a "Telescopic opening and closing structure" (CN202423288309.3), a "Hand-held massage device" (CN202422703372.2), a "Hand-held massager" (CN202422991862.7), a "Double-claw driving movement structure of massager" (CN202422486243.2), a "Kneading air pump massager" (CN202422335239.6), and a "Circumferential rotary massage driving movement" (CN202421821801.X). *Id*.

53. Envision's registered address—Room 301, Building 4, 1970 Science and Technology Park, Minzhi Community, Longhua District, Shenzhen—is in the same building of the same science park that Bairihong pleaded as its own address in its Complaint. *Id*.

54. Envision is the applicant and grantee of FCC certification for a device designated "ROSELLA3" (FCC ID 2A9F7-ROSELLA3), equipment class Massager, product code ROSELLA3, application date September 1, 2025, frequency range 2402–2480 MHz, FRN

0033105990, certified by Jason Tang, General Manager, tested by Shenzhen HTT Technology Co., Ltd. The address on the FCC filing is “301, Building 4, 1970 Science and Technology Park Minzhi Street, Longhua District, Shenzhen, China.” Ex. 10 (Envision FCC Filing).

55. Envision’s Declaration Letter of Model Difference dated September 1, 2025, signed by Jason Tang, General Manager, states that the “PCB board, circuit, structure and internal of these model(s) are the same, Only model number is different” for models ROSELLA3, ROSELLA3-I, ROSELLA3-II, ROSELLA3-III, ROSELLA3-IV, and ROSELLA3-V. *Id.*

56. The User Manual Envision filed with the FCC (Document ID 8629109) is a manual for a product called “ROSELOVE”—the same product name by which the Accused Products are known and which appears in this Court’s June 11, 2026, Order (Dkt. No. 90). *Id.*

57. That FCC-filed manual states: “Official Support Email: support-us@bigshocked.com” and “Official Support Hotline: +1 (888) 868-2241, Hours: Monday-Friday, 9 AM–10 PM EST”—the same support contacts printed on the user manual and packaging distributed with the Accused Products sold in the United States. *Id.*

58. That same Envision-filed manual instructs users to download the “JOYHUB App” to unlock “remote control, custom suction patterns,” and describes cycling through “10 sucking modes” via the power button—corresponding to the JOYHUB application that operates the Accused Products and that, on information and belief, was developed and integrated by their manufacturer. *Id.*

**8. The Counterclaim-Defendants Have Acted in Concert to Evade Enforcement**

59. Within a four-month period, Novoluto identified seven iterations of the Accused Products with changing names and ASINs but materially identical structure as to claim 1 of the ’851 Patent.

60. This Court has found that Bairihong creates multiple listings for its singular product

to reduce the likelihood of Amazon's e-shop being inspected. Ex. 11 (Hr'g Tr. 314:5-10); *see* Dkt. No. 90.

61. On information and belief, listings for the Accused Products variously identify Bairihong as the seller, the shipper, and the manufacturer, while identifying Big Shocked in the manufacturer field.

62. On June 11, 2026, the Court found that the public interest favored Novoluto "given Plaintiff's promotion of market confusion and evasive behavior in response to Defendant's patent enforcement efforts" (Dkt. No. 90 at 1) and found the breadth of the injunction necessary "in light of Bairihong's demonstrated ability to quickly shift or switch between different variations of its product and other behaviors that hinder enforcement." Hr'g Tr. at 314:12-21.

63. Complete relief cannot be afforded against ongoing infringement of the '851 Patent without joinder of the entities that design, manufacture, brand, certify, and supply the Accused Products, because an order running only against a single Amazon reseller can be evaded by routing the same infringing devices through different sellers, storefronts, ASINs, and model numbers—as the record in this case has already demonstrated.

**COUNT I**
**BAIRIHONG'S INFRINGEMENT OF THE '851 PATENT**

64. Novoluto realleges and incorporates by reference the allegations in the paragraphs above.

65. On September 19, 2017, the '851 Patent was duly and legally issued by the United States Patent and Trademark Office. Novoluto is the assignee of the entire right, title, and interest in and to the '851 Patent, including all rights to enforce this patent against infringers.

66. Bairihong has infringed at least claim 1 of the '851 Patent by making, using, selling, offering to sell, and/or importing the Accused Products in violation of 35 U.S.C. § 271(a).

67. The Accused Products directly infringe at least claim 1 of the ’851 Patent, as shown in the claim charts attached hereto.

68. Bairihong has had knowledge of the ’851 Patent since at least 2022, and has had knowledge of the ’851 Patent and Novoluto’s infringement allegations at least since filing its own Complaint on October 9, 2025, and since service of Novoluto’s counterclaims on January 30, 2026.

69. Bairihong has provided its customers with instructions and training, including user manuals and instructional videos, that teach, recommend, and induce the infringing use and operation of the Accused Products in the United States.

70. On information and belief, Bairihong is aware that use and operation of the Accused Products in the United States by Bairihong or its customers directly infringes the ’851 Patent.

71. On information and belief, Bairihong, with knowledge of the ’851 Patent, has encouraged distributors and retailers to sell the Accused Products.

72. On information and belief, Bairihong aids and abets its customers’ direct infringement of the ’851 Patent with knowledge that use of the Accused Products in the United States directly infringes the ’851 Patent.

73. Bairihong’s actions actively induce infringement of the ’851 Patent. Accordingly, Bairihong is also liable for indirect infringement pursuant to 35 U.S.C. § 271(b).

74. On information and belief, at least as early as 2022, Bairihong’s infringement of the ’851 Patent was and continues to be willful and deliberate, and Novoluto is entitled to enhanced damages under 35 U.S.C. § 284 and a finding that this is an exceptional case warranting attorneys’ fees under 35 U.S.C. § 285.

75. Novoluto is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the ’851 Patent.

76. Novoluto has been damaged as a result of Bairihong's infringing conduct. Bairihong is liable to Novoluto in an amount that adequately compensates it for such infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II
## DONGGUAN AIXIYA'S INFRINGEMENT OF THE '851 PATENT

77. Novoluto realleges and incorporates by reference the allegations in the paragraphs above.

78. Dongguan Aixiya has directly infringed at least claim 1 of the '851 Patent by making, using, offering to sell, selling within, and/or importing into the United States the Accused Products, in violation of 35 U.S.C. § 271(a).

79. Dongguan Aixiya has induced infringement of the '851 Patent under 35 U.S.C. § 271(b) by manufacturing and supplying the Accused Products, together with packaging, labeling, user manuals, and the JOYHUB application containing instructions that teach and encourage the infringing use of the Accused Products, with knowledge of the '851 Patent or willful blindness thereto.

80. Dongguan Aixiya has contributed to infringement of the '851 Patent under 35 U.S.C. § 271(c) by supplying components and complete devices that constitute a material part of the patented invention, knowing them to be especially made or especially adapted for use in an infringement of the '851 Patent and not staple articles of commerce suitable for substantial non-infringing use.

81. On information and belief, at least as early as 2022, Dongguan Aixiya's infringement of the '851 Patent was and continues to be willful and deliberate, and Novoluto is entitled to enhanced damages under 35 U.S.C. § 284 and a finding that this is an exceptional case

warranting attorneys' fees under 35 U.S.C. § 285.

82. Novoluto is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '851 Patent.

83. Novoluto has been damaged as a result of Dongguan Aixiya's infringing conduct. Dongguan Aixiya is liable to Novoluto in an amount that adequately compensates Novoluto, which by law cannot be less than a reasonable royalty, together with interest and costs under 35 U.S.C. § 284.

**COUNT III**
**<u>AIXIASIA'S INFRINGEMENT OF THE '851 PATENT</u>**

84. Novoluto realleges and incorporates by reference the allegations in the paragraphs above.

85. Aixiasia has directly infringed at least claim 1 of the '851 Patent by making, using, offering to sell, selling within, and/or importing into the United States the Accused Products, in violation of 35 U.S.C. § 271(a).

86. Aixiasia has induced infringement of the '851 Patent under 35 U.S.C. § 271(b) by manufacturing, exporting, and supplying the Accused Products, together with packaging and materials that teach and encourage the infringing use of the Accused Products, with knowledge of the '851 Patent or willful blindness thereto.

87. Aixiasia has contributed to infringement of the '851 Patent under 35 U.S.C. § 271(c) by supplying components and complete devices that constitute a material part of the patented invention, knowing them to be especially made or especially adapted for use in an infringement of the '851 Patent and not staple articles of commerce suitable for substantial non-infringing use.

88. On information and belief, at least as early as 2022, Aixiasia's infringement of the

’851 Patent was and continues to be willful and deliberate, and Novoluto is entitled to enhanced damages under 35 U.S.C. § 284 and a finding that this is an exceptional case warranting attorneys’ fees under 35 U.S.C. § 285.

89. Novoluto is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the ’851 Patent.

90. Novoluto has been damaged as a result of Aixiasia’s infringing conduct. Aixiasia is liable to Novoluto in an amount that adequately compensates Novoluto, which by law cannot be less than a reasonable royalty, together with interest and costs under 35 U.S.C. § 284.

## COUNT IV
## BIG SHOCKED’S INFRINGEMENT OF THE ’851 PATENT

91. Novoluto realleges and incorporates by reference the allegations in the paragraphs above.

92. Big Shocked has directly infringed at least claim 1 of the ’851 Patent by offering to sell, selling within, and/or importing into the United States the Accused Products, in violation of 35 U.S.C. § 271(a).

93. Big Shocked has induced infringement of the ’851 Patent under 35 U.S.C. § 271(b) by branding, marketing, supporting, and distributing the Accused Products in the United States, together with user manuals, a support hotline, and a mobile application that teach and encourage the infringing use of the Accused Products, with knowledge of the ’851 Patent or willful blindness thereto.

94. Big Shocked has contributed to infringement of the ’851 Patent under 35 U.S.C. § 271(c) by supplying and distributing complete devices that constitute a material part of the patented invention, knowing them to be especially made or especially adapted for use in an infringement of the ’851 Patent and not staple articles of commerce suitable for substantial non-

infringing use.

95. On information and belief, at least as early as 2022, Big Shocked's infringement of the '851 Patent was and continues to be willful and deliberate, and Novoluto is entitled to enhanced damages under 35 U.S.C. § 284 and a finding that this is an exceptional case warranting attorneys' fees under 35 U.S.C. § 285.

96. Novoluto is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '851 Patent.

97. Novoluto has been damaged as a result of Big Shocked's infringing conduct. Big Shocked is liable to Novoluto in an amount that adequately compensates Novoluto, which by law cannot be less than a reasonable royalty, together with interest and costs under 35 U.S.C. § 284.

## COUNT V
## ENVISION'S INFRINGEMENT OF THE '851 PATENT

98. Novoluto realleges and incorporates by reference the allegations in the paragraphs above.

99. Envision has directly infringed at least claim 1 of the '851 Patent by making, using, offering to sell, selling within, and/or importing into the United States the Accused Products, in violation of 35 U.S.C. § 271(a).

100. Envision has induced infringement of the '851 Patent under 35 U.S.C. § 271(b) by directing and controlling the manufacture, FCC certification, branding, and U.S. distribution of the Accused Products through Big Shocked and Bairihong, together with user manuals and the JOYHUB application containing instructions that teach and encourage the infringing use of the Accused Products, with knowledge of the '851 Patent or willful blindness thereto.

101. Envision has contributed to infringement of the '851 Patent under 35 U.S.C. § 271(c) by supplying components and complete devices that constitute a material part of the

patented invention, knowing them to be especially made or especially adapted for use in an infringement of the ’851 Patent and not staple articles of commerce suitable for substantial non-infringing use.

102. On information and belief, at least as early as 2022, Envision’s infringement of the ’851 Patent was and continues to be willful and deliberate, and Novoluto is entitled to enhanced damages under 35 U.S.C. § 284 and a finding that this is an exceptional case warranting attorneys’ fees under 35 U.S.C. § 285.

103. Novoluto is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the ’851 Patent.

104. Novoluto has been damaged as a result of Envision’s infringing conduct. Envision is liable to Novoluto in an amount that adequately compensates Novoluto, which by law cannot be less than a reasonable royalty, together with interest and costs under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

Novoluto requests that the Court find in its favor and against Counterclaim-Defendants, and that the Court grant Novoluto the following relief:

A. Judgment that one or more claims of the ’851 Patent have been infringed, either literally and/or under the doctrine of equivalents, by each Counterclaim-Defendant;

B. Judgment that Counterclaim-Defendants’ infringement has been willful;

C. Preliminarily and permanently enjoining each Counterclaim-Defendant and their officers, directors, agents, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from the infringement of the ’851 Patent; or, in the alternative, an award of ongoing damages for future infringement;

D. An order extending the preliminary injunction entered June 11, 2026 (Dkt. No. 90) to the additional Counterclaim-Defendants and their officers, directors, agents, affiliates, employees, divisions, branches, subsidiaries, parents, licensees, distributors, and all others acting in concert with them;

E. Judgment that Counterclaim-Defendants account for and pay to Novoluto all damages to and costs incurred by Novoluto because of Counterclaim-Defendants' infringing activities and other conduct complained of herein, including an award of all increased damages to which Novoluto is entitled under 35 U.S.C. § 284;

F. An accounting of all gains, profits, and advantages derived by Counterclaim-Defendants from their infringement of the '851 Patent;

G. That Novoluto be granted pre-judgment and post-judgment interest on the damages caused by Counterclaim-Defendants' infringing activities and other conduct complained of herein;

H. That this Court declare this an exceptional case and award Novoluto its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

I. That Novoluto be granted such other and further relief as the Court may deem just and proper under the circumstances.

**JURY DEMAND**

Defendant and Counterclaim Plaintiff demand a trial by jury on all issues triable by a jury.

Dated: July 31, 2026

Respectfully submitted,

By: Heather Lambert
Heather Lambert (VSB No. 79175)
NELSON MULLINS RILEY &

SCARBOROUGH LLP
1021 East Cary Street, Suite 2120
Richmond, VA 23219
Telephone: (804) 533-2900
heather.lambert@nelsonmullins.com

*Attorney for Defendant, Counterclaim Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court and served via ECF on all counsel of record registered to receive service via the Court's CM/ECF system.


Heather Lambert (VSB No. 79175)
NELSON MULLINS RILEY &
SCARBOROUGH LLP
1021 East Cary Street, Suite 2120
Richmond, VA 23219
Telephone: (804) 533-2900
heather.lambert@nelsonmullins.com